MEMORANDUM **
Lawrence Harry Pamer, a California state prisoner, appeals pro se from the district court’s summary judgment on statute of limitations grounds in Pamer’s 42 U.S.C. § 1983 action alleging constitutional violations in connection with an altercation with his cellmate. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s summary judg *156 ment and conclusion that the action was barred by the statute of limitations, Hernandez v. Spacelabs Med., Inc., 343 F.3d 1107, 1112 (9th Cir.2003), we review for abuse of discretion the decision that equitable tolling did not apply, Santa Maria v. Pac. Bell, 202 F.3d 1170, 1175 (9th Cir.2000), and we affirm.
The district court properly determined that the action was time-barred because Pamer filed suit after the applicable statute of limitations and statutory tolling period had expired. See former Cal. Civ. Proc. § 340(3) (providing a one-year statute of limitations for personal injury claims arising prior to January 1, 2003) (replaced by § 335.1 effective January 1, 2003); Cal. Civ. Proc. § 352.1(a) (providing up to a two-year tolling period for a person who is imprisoned for a term less than for life on a criminal charge at the time the cause of action accrues).
The district court did not abuse its discretion in deciding that equitable tolling was unwarranted because Pamer was able to engage in various activities during the time he contended he was physically and mentally unable to file suit. See Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir.1999) (explaining that equitable tolling is warranted “when extraordinary circumstances beyond the plaintiffs control made it impossible to file a claim on time” and proper where “overwhelming evidence” demonstrated that complainant was “completely” disabled during the relevant limitations period).
Pamer’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.